1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY JENE SIMPSON JR., | ) | 1:12-cv-1733 AWI GSA |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| Plaintiff, | ) | RECOMMENDING DISMISSAL WITHOUT |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| | ) | (Doc. 1) |
| STACY ANN FERGUSON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff, Jerry Jene Simpson, ("Plaintiff"), appearing pro se and in forma pauperis, filed the instant complaint on October 24, 2012. Plaintiff has named Stacy Ann Ferguson as the Defendant in this action ("Defendant"). The Court has screened the complaint and recommends that the complaint be dismissed without leave to amend for the reasons set forth below.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's Allegations

Plaintiff has filed the instant complaint alleging patent infringement against the defendant.  Specifically, he contends that he is the inventor and patent holder of the "Might Dee's Butter Fly Press exs. THE CENTER CUTS in fitness equipment."  He alleges on July 1, 2002, the United States issued a patent to him (Patent No. 75945) for an invention of this fitness equipment.  He further contends that the Defendant has infringed on the patent by making, selling, and using the equipment.  He seeks an injunction to prevent the continuing infringement,

1    an "accounting for damages," and interest and costs. (Doc. 1).

2    C.    Analysis

3         Upon a review of the complaint, the Court recommends that this action be dismissed

4    without leave to amend.  The Court takes judicial notice of a case previously filed by Plaintiff in

5    this district and adjudicated by District Court Judge Anthony Ishii.  *See*, Simpson v. Interscope

6    Giffen A & M Records, a Division of UMG Recordings, Inc., *et al.*, 09-cv-1931 AWI DLB (E.D.

7    Cal.).[1]  The complaint alleged negligence and "intentional tort" by "Fergie Ferguson" a song

8    writer and performer.[2]  The Court also takes judicial notice that Ferie Fergison and Stacy Ann

9    Ferguson (the defendant named in this case) are the same person.  She is the female vocalist for

10   the band *The Black Eyed Peas*.

11        In the first case filed in 2009, Plaintiff alleged the following[3]:

12        Song writer and music performer Fergie Fergison produced [a] song and music video in
          [sic] with [sic] using the product the might dees [dee's] butter fly press center cut weight
13        its [source ?] a were [wire?] wing free weight butter fly press as a stage prop in her song
          and music video without true inventor owner permission ...
14        (Simpson v. Interscope Giffen A & M Records, a Division of UMG Recordings, Inc., *et
          al.*, 09-cv-1931 AWI DLB, Doc. 1, Ex. A, pg. 8).
15

16        Judge Ishii permitted Plaintiff to amend the complaint which Plaintiff did.  In the

17   amended complaint, Plaintiff named Defendant Interscope Giffen A & M Records.  He again

18   alleged that he witnessed a music video Defendants produced where "Fergie" used "the might

19   Dee's butter fly press and exercises" as a stage prop. Simpson v. Interscope Giffen A & M

20   Records, a Division of UMG Recordings, Inc., *et al.*, 09-cv-1931 AWI DLB, Doc. 31, at pg. 3.

21   Judge Ishii determined that Plaintiff failed to state a claim as he did not establish *inter alia*,  that

22   he held a patent to the product in question, nor could he establish any right or claim against

23

24        [1] The Court may take judicial "notice of proceedings in other courts, both within and without the federal
     system, if those proceedings have a direct relation to matters at issue."  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th
25   Cir. 2007) (internal quotation marks and citation omitted).

26        [2] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally
     known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort
27   to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

28        [3] Where the court quotes Plaintiff's complaints, the court will provide spelling corrections which are
     obvious and denote words whose meaning requires speculation by brackets.

1  anyone else using his alleged invention.  *See*, <u>Simpson v. Interscope Giffen A & M Records, a</u>

2  <u>division of UMG Recordings, Inc.</u>, *et al.*, 09-cv-1931AWI SKO, 2011 WL 2112496 * 5 (E.D.

3  Cal., May 26, 2011).[1]

4       It appears that Plaintiff has filed the instant case to revive this claim.  However, this is

5  improper as his attempts are duplicative of his previous litigation efforts.  Moreover, as an aside,

6  the Court notes that it appears that Patent No. 75945 (the patent Plaintiff claims he owns) was

7  issued on March 24, 1868, to inventors Charles Merriam and Curtis Luce of Brandon Vermont to

8  improve hand stamps for postmarking letters.  US PAT 74945;

9  *http//patft.uspto.gov/netahtm/PTO/scrchnum.htm*.

10                        **<u>RECOMMENDATIONS</u>**

11       For the reasons set forth above, the Court finds that Plaintiff's case is duplicative of

12  <u>Simpson v. Interscope Giffen A & M Records, a Division of UMG Recordings, Inc.</u>, *et al.*, 09-

13  cv-1931 AWI DLB (E.D. Cal.).  Accordingly, it is recommended that Plaintiff's complaint be

14  DISMISSED WITHOUT LEAVE TO AMEND.

15       These findings and recommendations will be submitted to the Honorable Anthony W.

16  Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being

17  served with these Findings and Recommendations, Plaintiff may file written objections with the

18  Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

20  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

21  Cir. 1991).

22

23       <u>IT IS SO ORDERED.</u>

24  **<u>Dated:</u>    November 30, 2012          /s/ Gary S. Austin</u>**
                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28  [1] Plaintiff's appeal to the Ninth Circuit Court of Appeals and his "Petition for Rehearing" at the Supreme Court were both denied on February 16, 2012 and August 31, 2012, respectively.  <u>Simpson v. Interscope Giffen A & M Records, a Division of UMG Recordings, Inc.</u>, *et al.*, 09-cv-1931 AWI DLB (E.D. Cal.) (Docs. 62 and 63).